1  Carl A. McMahan, Esq. (State Bar No. 108551)
2  McMAHAN LAW PC
   11755 Wilshire Boulevard, Suite 2370
3  Los Angeles, California 90025
   Telephone: (310) 479-8827
4  Facsimile: (310) 479-7226
   mail@cmcmahanlaw.com
5
6  Attorneys for Plaintiffs
7
8
                    IN THE UNITED STATES DISTRICT COURT
9
                      EASTERN DISTRICT OF CALIFORNIA
10

11 | L.T., a minor, by and through her Guardian ad Litem, LATISHA WATKINS; LATISHA WATKINS and MARIO TYLER, individually, | Case No.
12 | |
13 | | **COMPLAINT**
   | | **DEMAND FOR JURY TRIAL**
14 | Plaintiffs, |
   | | 1. **MEDICAL NEGLIGENCE**
15 | vs. |
16 | UNITED STATES OF AMERICA, |
17 | Defendant. |
18

19     Plaintiffs, L.T., a minor by and through her Guardian ad Litem, LATISHA WATKINS;
20 LATISHA WATKINS and MARIO TYLER, individually and through their undersigned counsel sue the
21 Defendant, UNITED STATES OF AMERICA and allege the following:

22                          **JURISDICTIONAL ALLEGATIONS**

23     1.   This action arises under the Federal Tort Claims Act, Sections 2671 through 2680 of Title
24 28 of the United States Code. This Court is vested with jurisdiction pursuant to Section 1346(b) of Title
25 28 of the United States Code.

26     2.   Pursuant to 28 U.S.C.A. §§ 2675 et seq., any and all administrative remedies have been
27 exhausted prior to the bringing of this action, and the Plaintiffs have fully complied with the law.
28

**Case No.**                                      1
COMPLAINT FOR DAMAGES

Specifically, the Plaintiffs complied with 28 U.S.C.A. §§ 2675 et seq. by presenting, through certified mail, Standard Form 95 claims on December 14, 2018, under the Federal Torts Claims Act ("FTCA") 28 U.S.C.A. §§ 1346(b), 2401(b), 2671-2680. The Defendant, United States of America, denied said claims on November 1, 2021.

3.  Prior to Plaintiff's presenting their claims, Plaintiffs commenced an action in the Sacramento County Superior Court entitled, L.T., et al. v. Douglas, M.D., et al. case number 34-2020-00288639. After filing the Complaint, Defendant, United States of America advised Plaintiffs on April 13, 2021 that the U.S. Department of Health and Human Services was reviewing whether or not WellSpace Health Center "WellSpace" and its employee, Nathan Allen, M.D., were employees of the United States of America acting within the scope of their employment during the prenatal course, and admission for labor and delivery of minor Plaintiff and her mother, LATISHA WATKINS. The state court action is ongoing as against Gregory, E. Douglas, M.D., Paula L. Akin, M.D., Mercy General Hospital, and Does 1 through 100, inclusive.

4.  LATISHA WATKINS and MARIO TYLER are the natural parents of minor plaintiff, L.T. The plaintiffs reside in the County of Sacramento, which is within the jurisdiction of this court.

5.  At all times relevant to this action, the acts and omissions mentioned herein occurred within the designation of the district, and all of the facts, acts, events and circumstances herein mentioned and described occurred in County of Sacramento, California.

6.  Defendant, United States of America, operates a health care facility known as WELLSPACE HEALTH CENTER, which has various facilities, including a facility located at 7601 Hospital Drive, Suite 220, Sacramento, California 95823 ("Clinic"). Defendant, in operating the Clinic, holds itself out to the public to use that degree of care, skill, diligence, and attention used by clinics generally in the community in the care and treatment of patients. The clinic operated by defendant employs, among others, doctors, nurses, interns, residents, student nurses, nurses' aides, and other clinic personnel

over which it exercises exclusive control and supervision, with the right to employ and discharge such employees.

7. Pursuant to 28 U.S.C.A. §§ 2671 et seq., CLINIC was a federally qualified health center and was a "federal agency" which acted as an instrumentality and/or agency of the United States. Therefore, all CLINIC employees, including Nathan Allen, M.D. were employees of the Defendant, United States, and were acting within the course and scope of their employment when providing medical care and treatment to Plaintiffs.

8. Dr. Allen was a health care provider, practicing medicine as a medical doctor at CLINIC with privileges at WellSpace Health Center and was and is an employee of defendant and acting within the scope of his employment at all times relevant to the allegations in this Complaint. At all relevant times there existed between Dr. Allen and Plaintiffs the relationship of physician-patient.

## **GENERAL ALLEGATIONS**

9. From April, 2019 through November 22, 2019, Plaintiff LATISHA WATKINS, received prenatal and obstetrical care from Dr. Allen and others at CLINIC for her pregnancy with minor plaintiff.

10. During Ms. Watkins' prenatal care, Dr. Allen, Clinic, and defendant recognized and acknowledged that LATISHA WATKINS was diagnosed as having a large for gestational age (L.G.A.) or macrosomic fetus. Despite these known and documented risk factors for a shoulder dystocia delivery, Minor Plaintiff's delivery was negligently performed vaginally as opposed to via Cesarean Section.

11. On or about November 21, 2019, plaintiff, LATISHA WATKINS, presented for induction of labor at Mercy General Hospital 4001 J. Street, Sacramento, California 95819. Dr. Allen was the admitting physician. Gregory Douglas, M.D. was the delivering physician. During minor plaintiff's delivery a shoulder dystocia occurred. At this time, Paula Akin, M.D. was called in to assist Dr. Douglas with "difficult shoulder dystocia delivery due to macrosomia." Thereafter Dr. Douglas, Dr. Akin, and other employees and agents of Mercy General Hospital failed to utilize the maneuvers required by the standard

of care to safely deliver the shoulder dystocia. As a result of defendants' negligence minor plaintiff suffered severe and permanent left Brachial Plexus Paralysis and avulsions, right humeral fracture, and had no spontaneous respirations or movements, requiring resuscitation. LATISHA WATKINS suffered vaginal injuries and severe emotional distress.

12. Defendants, and each of them, were so negligent and reckless in all phases of their diagnoses, care and treatment of Minor Plaintiff's mother during her pre-natal course, that Minor Plaintiff and her mother were injured. Said negligence includes, but is not limited to, mismanagement of pre-natal care, and negligent failure to offer/recommend a C-Section.

13. Minor Plaintiff's father, MARIO TYLER was present at the time of delivery and witnessed the traumatic birth of his daughter, who suffered through a shoulder dystocia delivery, which resulted in severe brachial plexus paralysis and required resuscitation and breathing support at birth. This experience caused MARIO TYLER to suffer extreme emotional distress.

### FIRST CAUSE OF ACTION

Medical Negligence

(L.T., a minor by and through her Guardian ad Litem, LATISHA WATKINS vs. USA)

14. Plaintiffs repeat and re-allege the foregoing paragraphs as though fully set forth herein.

15. At all times relevant Defendant owed Plaintiffs a duty to comply with the prevailing standards of care in providing prenatal care to LATISHA WATKINS.

16. Defendant was so negligent in all phases of their diagnoses, care and treatment of Minor Plaintiff's mother during her prenatal course, that Minor Plaintiff and her mother were injured. Said negligence includes, but is not limited to, negligent prenatal care, mismanagement of prenatal care, and failure to offer and/or recommend cesarean section delivery.

17. As a legal result of the negligence of defendant, minor plaintiff, L.T., suffered permanent and severe left brachial plexus paralysis, emotional distress, and required resuscitation at time of birth. L.T.

has undergone a nerve graft surgery and has incurred and will in the future incur expenses for surgical care, medical care, nursing care, attendant care, rehabilitation, physical and occupational therapy, speech therapy, educational therapy and other related expenses to her non-economic and economic damages in an amount according to proof.

18. As a further legal result of the negligence of Defendant, minor plaintiff has lost earning capacity in an amount according to proof.

19. As a direct and legal result of the defendants' negligence LATISHA WATKINS suffered vaginal injuries, severe emotional distress and other related expenses to her non-economic and economic damages in an amount according to proof. Mario Tyler suffered extreme emotional distress.

WHEREFORE, Plaintiffs request judgment against defendant as follows:

1. General Damages in an amount according to proof;

2. Economic Damages in an amount according to proof;

3. Plaintiffs' costs in this action; and

4. Such other and further relief as the court may deem just and proper.

Dated: January 24, 2022                               McMAHAN LAW PC


                                                      By:/s/ Carl A. McMahan
                                                         Carl A. McMahan, Esq.
                                                         Attorney for Plaintiffs

**Case No.**                                      5
COMPLAINT FOR DAMAGES