UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.T., a minor, by and through her Guardian Ad Litem, LATISHA WATKINS; LATISHA WATKINS and MARIO TYLER, individually,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:22-cv-00142-KJM-AC<br><br>ORDER |

This case involves injuries sustained by plaintiff Latisha Watkins and her daughter L.T. during L.T.'s delivery. Defendant, United States, moves the court for a good faith settlement determination. Plaintiffs also petition the court to approve their proposed compromise of the minor plaintiff's claims. For the reasons below, the court **grants** the United States' motion and **grants** plaintiffs' petition.

I.   BACKGROUND

In 2019, Watkins "received prenatal and obstetrical care from Dr. Allen," who was acting under the scope of federal employment. Compl. ¶¶ 6, 8–9, ECF No. 1. On November 21, 2019, Watkins was admitted to Dignity Health Mercy General Hospital for an induction of labor. *Id.* ¶ 11. Watkins's care was transferred to a non-federally employed physician. *Id.* ¶ 10; *see* Mot. at

4, ECF No. 21-1. The delivery was complicated by shoulder dystocia,[1] Compl. ¶ 11, and during delivery, L.T. "sustained a fracture of the right humerus and flaccid paralysis of the left upper extremity," Mot. at 6; *see* Compl. ¶ 11. On March 5, 2020, L.T. underwent a left graft and exploration, which revealed C5/C6 ruptures and C7-T1 avulsions. Mot. at 6. After the nerve grafting, she was diagnosed with left brachial plexus birth palsy. *Id.* L.T. has limited range of motion in her left upper extremity but has improved active movement and is expected to continue progress. *See id.* at 7.

Prior to this action, plaintiffs brought their claims against several defendants in Sacramento County Superior Court. Compl. ¶ 3. The United States removed that case to federal court and successfully moved to dismiss the complaint based on plaintiffs' failure to exhaust administrative remedies. Mot. at 7. The court remanded the remaining defendants to the state court, where there is a pending action against the non-federal defendants. *Id.*

On January 24, 2022, plaintiffs filed this action against the United States under the Federal Tort Claims Act (FTCA) after exhausting administrative remedies. *See* Compl. ¶ 2. On April 25, 2023, the parties to both the state and federal cases participated in mediation but did not reach a global settlement. *See* Mot. at 7. The United States and plaintiffs reached a conditional settlement. *See* Notice of Conditional Settlement, ECF No. 20. The United States now moves for a good faith settlement determination. *See* Mot. Plaintiffs do not oppose and have filed a confirmation of their support of the United States' motion. *See* Confirmation, ECF No. 23. The United States has replied. Reply, ECF No. 24. Plaintiffs also filed a petition for the court to approve their proposed compromise of the minor plaintiff's claims. Pet., ECF No. 22. The court held a hearing on this matter on July 21, 2023. Mins. Mot. Hr'g, ECF No. 33. Carl McMahan appeared for plaintiffs. Kelli Taylor appeared for defendants.

---

[1] "Shoulder dystocia is defined as the delivery of the fetal head with an impaction of the fetal shoulder girdle or trunk against the pubic symphysis, making subsequent delivery of the body either difficult or impossible without the performance of auxiliary delivery maneuvers." 2 Am. Law Med. Malp. *Shoulder Dystocia* § 13:26, Westlaw (database updated July 2023).

II.   **GOOD FAITH SETTLEMENT**

A.   **Legal Standard**

Under the FTCA, "the United States is liable to the same extent as a private party for certain torts of federal employees . . . in accordance with the law of the place where the act or omission occurred." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (internal marks and citation omitted).  Here, California law governs because the injury arose in California.

In California, a court may discharge a settling party from future liability in a case "in which it is alleged that two or more parties are joint tortfeasors" based on "a hearing on the issue of the good faith of a settlement." Cal. Civ. Proc. Code § 877.6(a)(1).  "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." *Id.* § 877.6(c).

In considering whether a settlement was made in good faith, the court must assess whether the parties' settlement falls within a reasonable range. *See PacifiCare of Cal. v. Bright Med. Assocs., Inc.*, 198 Cal. App. 4th 1451, 1464 (2011).  The California Supreme Court established six factors to guide this analysis when an application of a good faith settlement is contested.[2]  *See Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985).  However, when no party opposes, as is the case here, both California and federal district courts "have found consideration of those factors unnecessary." *Spitzer v. Aljoe*, No. 13-05442, 2015 WL 6828133,

---

[2] The six factors are:

> (1) "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability"; (2) "the amount paid in settlement"; (3) "the allocation of settlement proceeds among plaintiffs"; (4) "a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial"; (5) "the financial conditions and insurance policy limits of settling defendants"; and (6) "the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants."

*PacifiCare of Cal.*, 198 Cal. App. 4th at 1464 (quoting *Tech-Bilt, Inc*, 38 Cal. 3d at 499).

at *4 (N.D. Cal. Nov. 6, 2015) (collecting cases); *see also City of Grand Terrace v. Superior Ct.*, 192 Cal. App. 3d 1251, 1261 (1987).

### B. Analysis

The parties have reached a settlement agreement for $195,000 payable to plaintiffs, conditioned on this court's determination the settlement is in good faith and approval of the petition for minor's compromise. Mot. at 2. Half of the settlement amount will go to the mother, plaintiff Watkins, and the other half will go to the minor plaintiff, L.T. *See* Settlement Agreement, Taylor Decl. Ex. 1, ECF No. 26. The settlement is unopposed. *See* Confirmation. Thus, the court does not need to review the *Tech-Bilt* factors. Nevertheless, the court has reviewed the settlement agreement and supporting documents and has identified no concerns based on the agreement's terms. Finding the government's application to be made in good faith, the court **grants** the motion for good faith settlement determination.

## III. PETITION FOR COMPROMISE OF A MINOR'S CLAIM

### A. Legal Standard

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* E.D. Cal. L.R. 202(b). In assessing a petition for compromise of a minor's claim, the "court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected . . . even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). In doing so, the court should consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1182. The evaluation should be made "without regard to the proportion of the total settlement value designated for adult co-plaintiffs . . . ." *Id.*

### B. Analysis

Under the settlement agreement, L.T. will be entitled to half of the total settlement amount ($195,000), in the amount of $97,500. Pet. at 3. Twenty-five percent of this amount, $24,375,

4

will go to attorney's fees and the remaining $73,125 will be put in a blocked account that will earn interest. *Id.* The funds in the blocked account will be disbursed to L.T. when she turns eighteen. *Id.*

By way of background, L.T. brought a medical negligence claim against the United States for injuries she sustained during her delivery, including permanent and severe left brachial plexus paralysis. Compl. ¶ 17. Although L.T. has a limited range of motion due to the injuries she suffered at birth, her mobility has been improving and she suffers no intellectual impairment. *See* Mot. at 15. The United States provided pre-natal care for L.T.'s mother, Watkins, and was not involved in the actual delivery. Pet. at 2. The delivering doctor, not the United States, made the final decision regarding how to deliver L.T. *Id.* at 4. The United States believes it does not owe L.T. any damages and is agreeing to split the settlement between L.T. and her mother only to honor Watkin's request, which is an admirable one. *Id.* at 4–5. The settlement was reached after extensive negotiations and, as noted, the state case against the delivering physician and state court defendants remains pending. *See* McMahan Decl. ¶¶ 5, 7, ECF No. 22. The proposed amount of settlement is comparable to a similar case in this district. *See, e.g.*, *Bravo v. United States*, No. 14-01004, 2016 WL 3418450, at *1 (E.D. Cal. June 22, 2016) (approving minor's compromise in net amount of $97,980.48 in case involving right brachial plexus paralysis during labor and delivery). Considering the facts of this case and L.T.'s claim, the United States' compromise to award the minor plaintiff with half the settlement amount appears to adequately safeguard L.T.'s interest.

As for attorney's fees, the parties calculate the fees at the rate of 25 percent of the settlement agreement, in accordance with 28 U.S.C. § 2678. Pet. at 5. It is the regular practice of courts "in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney's fees in contingency cases involving minors." *Chance v. Prudential Ins. Co. of Am.*, No. 115-01889, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (collecting cases). The court finds the attorney's fees here are reasonable.

Accordingly, the court **grants** plaintiffs' petition for approval of the compromise of L.T.'s claims.

IV.   **CONCLUSION**

For the reasons above,

1) The court finds the settlement is made in good faith and **grants** the United States' motion for a good faith settlement determination (ECF No. 21);

2) The court finds the settlement is fair and reasonable and **grants** plaintiffs' petition for approval of the compromise of the minor plaintiff's claim (ECF No. 22);

3) The settlement amount of $195,000 shall be apportioned 50% to minor plaintiff L.T. ($97,500), 50% to the mother, plaintiff Latisha Watkins ($97,500), and nothing to the father, plaintiff Mario Tyler, before fees and costs;

4) Attorney's fees are capped at 25 percent ($24,375), as agreed by the parties in their written settlement agreement, and are granted in that amount by the court;

5) Minor L.T.'s net recovery ($73,125) shall be deposited promptly into an interest-bearing blocked account at a federally insured bank or credit union;

6) Proof of deposit shall be provided to the court **within 60 days**;

7) Plaintiff's attorney and the guardian ad litem shall deliver to the depository a copy of this order at the time of deposit;

8) The settlement proceeds shall be transferred to minor L.T.'s custody when she reaches the age of eighteen;

9) No withdrawal of principal or interest shall be made from the blocked account without a written order under this case name and number, signed by a judge of this court and bearing the seal of this court, until L.T. reaches the age of eighteen years. When L.T. attains the age of eighteen years, the respective depository, without further order of this court, is authorized and directed to pay by check or draft directly to L.T. as the then-former minor plaintiff, upon proper demand, all monies including interests deposited under this order. The money on deposit is not subject to escheat; and

10) The parties' final dismissal documents shall be filed with the court **within 60 days** of this order.

This order resolves ECF Nos. 21 and 22.

1      IT IS SO ORDERED.

2  DATED:  August 22, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE